UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC E. CARRILLO, CDCR #BR-2013,<br><br>Plaintiff,<br><br>v.<br><br>MISSION VALLEY NORDSTROM RACK; JOSE MONDRAGON, Nordstrom Rack Loss Prevention Manager; TERRY CAHILL, Nordstrom Rack Loss Prevention Agent,<br><br>Defendants. | Case No.: 23-cv-1535-WQH-LR<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2)(B)** |

HAYES, Judge:

    Plaintiff Eric E. Carrillo, proceeding without counsel and currently incarcerated at Wasco State Prison ("WSP") in Wasco, California, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.)[1] Plaintiff claims two loss prevention officials at the

---

[1] Plaintiff filed his Complaint while detained at the San Diego County Jail ("SDCJ"). (*See* ECF No. at 1; ECF No. 2 at 1.) On September 18, 2023, Plaintiff filed a Notice of Change of Address indicating his transfer to WSP. (*See* ECF No. 4; *see also* https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=BR2013 (last visited Oct. 23, 2023) (noting Eric E. Carrillo's admission into CDCR custody on 8/30/23); *United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator).

1

1    Mission Valley Nordstrom Rack violated his rights to freedom of association and to be free
2    from cruel and unusual punishment by committing perjury during a preliminary hearing
3    held in *People v. Carrillo*, San Diego Superior Court Criminal Case No. SCD295366.
4    Plaintiff alleges Defendants' testimony caused his "false imprisonment." (ECF No. 1 at 2–
5    5; ECF No. 1-2 at 1–16.) He seeks $600,000 in general and punitive damages and requests
6    leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 1 at
7    7; *see also* ECF No. 2.)

    For the reasons discussed below, the Court grants Plaintiff leave to proceed IFP, but
dismisses the case *sua sponte* because he fails to state a claim upon which § 1983 relief
can be granted and seeks damages from defendants who are absolutely immune. *See* 28
U.S.C. § 1915(e)(2)(B)(ii), (iii).

I.   **MOTION TO PROCEED IFP**

    All parties instituting any civil action, suit or proceeding in a district court of the
United States, except an application for writ of habeas corpus, must pay a filing fee of
$402.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire
fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant
to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007);
*cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an]
IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the
fee[s] [a]re paid.").

    "While the previous version of the IFP statute granted courts the authority to waive
fees for any person 'unable to pay[,]' … the PLRA [Prison Litigation Reform Act]
amended the IFP statute to include a carve-out for prisoners: under the current version of

---

[2]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)). Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)-(2)).

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff's IFP application complies with both 28 U.S.C. § 1915(a)(1) and (2). In support, he has submitted a copy of his San Diego Sheriff's Department Trust Account Activity Report, provided by a SDCJ Accounting Officer. (*See* ECF No. 2 at 6, 8–9; *see also* S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119.) This accounting shows that while Plaintiff had $61.42 in average monthly deposits credited to his SDCJ trust account over the 6-month period immediately preceding the filing of his Complaint, he had an available balance of only $.30 to his credit at the time he filed it. (*See* ECF No. 2 at 8–9.)

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP, but declines to assess any initial filing fee because his trust account statements show he "has no means to pay it." *Bruce*, 577 U.S. 84–85. Instead, the Court will DIRECT the CDCR, the agency

now having custody, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward those fees to the Clerk of the Court pursuant to the installment payment provisions described in 28 U.S.C. § 1915(b)(2). *See id.*

## II.  SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)

### A.  Standard of Review

Because Plaintiff is proceeding IFP, his Complaint is subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a "governmental entity." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 537–38 (2015); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Chavez v. Robinson*, 817 F.3d 1162, 1167–68 (9th Cir. 2016) (28 U.S.C. § 1915(e)(2)(B)(iii) requires the court to dismiss an action "at any time" if it "seeks monetary relief from a defendant who is immune from such relief.").[3] "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rules of Civil Procedure 12(b)(6) standard." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). *Sua sponte* pre-service dismissal is also appropriate under § 1915(e)(2)(B)(iii) "if the defense of qualified immunity is established on the face of the complaint." *Chavez*, 817 F.3d at 1168 (citing

---

[3] "Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference," like the San Diego Superior Court preliminary hearing transcript Plaintiff attached as an exhibit to his Complaint, *see* ECF No. 1-2, to be part of the pleading when determining whether he has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Kiper v. Nev. State Prison Offs.*, 332 F. App'x 436, 437 (9th Cir. 2009) (discussing district court's screening of allegations based on complaint and exhibits).

*Story v. Foote*, 782 F.3d 968, 969–70 (8th Cir. 2015)).[4]

### B. Factual Allegations

On June 9, 2022, while Plaintiff was shoe shopping at the Nordstrom Rack in Mission Valley with his fiancée, he claims to have noticed Defendant Mondragon "spying" on them. (*See* ECF No. 1 at 3.) Plaintiff alleges Mondragon discriminated against him based on his race and his tattoos, failed to adhere to proper protocol, did not identify himself as a loss prevention agent inside the store, and aggressively confronted them. *Id.* Plaintiff further alleges both Defendants Mondragon and Cahail gave false statements to police and investigators after the incident, and later committed perjury by testifying Plaintiff threatened them with a knife during San Diego Superior Court criminal proceedings. *Id.* at 3, 4; ECF No. 1-2 at 9–11. "Due to [t]his false testimony," Plaintiff alleges to have been "falsely imprisoned." (ECF No. 1 at 3.)

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698

---

[4] Because Plaintiff seeks to sue theft prevention officers employed by a private department store pursuant to 42 U.S.C. § 1983, and does not seek redress from or name any governmental actors or entities, *see* ECF No. 1 at 1, 2, § 1915A's comparable initial screening provisions do not apply. *See Chavez*, 817 F.3d at 1168 ("Section 1915A mandates early review … for all complaints 'in which a prisoner seeks relief from a governmental entity…'") (quoting § 1915A(a)); *see also Thompson v. Hicks*, 213 Fed. Appx. 939, 2007 WL 106785 at *3 (11th Cir. 2007) (noting that because a private defendant was not a "governmental entity" as described in § 1915A, prisoner's complaint as to that defendant was not subject to dismissal under § 1915A).

F.3d 1128, 1138 (9th Cir. 2012).

### 1. "Under Color of State Law" Requirement

First, Plaintiff fails to allege any Defendant acted "under color of state law." *Id.* A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "[C]onduct by private actors is not state action" within the meaning of § 1983. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011); *see also Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). Plaintiff bears the burden to plead state action by a private defendant. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Plaintiff claims Defendants are "loss prevention agents" employed by a discount department store. (*See* ECF No. 1 at 2–4.) However, testifying in conjunction with Plaintiff's criminal prosecution does not render them state actors. "It is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed "under color of law." *Briscoe v. LaHue*, 460 U.S. 325, 329–30 (1983); *see also Stanley v. Goodwin*, 475 F. Supp. 2d 1026, 1039 (D. Haw. 2006) (finding private store security guard who detained plaintiff for shoplifting and showed surveillance video to responding arresting police officer not acting under color of state law), *aff'd*, 262 F. App'x. 786 (9th Cir. 2007); *Hodges v. Holiday Inn Select*, 2008 WL 1945532, at *3–4 (E.D. Cal. 2008) (private security guards not state actors where they had to call police to make an arrest); *Franklin v. Gomez*, Case No. 21-CV-252 MMA (AGS), 2021 WL 1662444, at *5 (S.D. Cal. Apr. 28, 2021) (dismissing § 1983 action against mall security officers who offered surveillance video and reports to police for failure to allege state action).

For this reason alone, Plaintiff's Complaint must be dismissed for failing to state a § 1983 claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Woldmskel v. Keg N Bottle Liquor Store*, Case No. 15-CV-2469 WQH (PCL), 2016 WL 245850, at *3 (S.D. Cal. Jan. 21, 2016) (dismissing

§ 1983 claims against defendants not alleged to have acted under color of state law pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)).

### 2. Defamation of Character and Freedom of Association

Second, to the extent Plaintiff claims Defendants defamed his character either during the course of a criminal investigation or while testifying in San Diego Superior Court, *see* ECF No. 1 at 7, he fails to allege the deprivation of a constitutional right. *See Paul v. Davis*, 424 U.S. 693, 699–701 (1976) (holding defamation is not actionable under § 1983); *Hernandez v. Johnson*, 833 F.2d 1316, 1319 (9th Cir. 1987) (holding that libel and slander claims are precluded by *Paul*); *Whatley v. Gray*, Case No. 17-cv-01591 DMS (NLS), 2018 WL 828200, at *2 (S.D. Cal. Feb. 8, 2018) (same).

To the extent Plaintiff further invokes his right to "freedom of association" but offers no factual support to plausibly suggest Defendants violated his First Amendment rights, *see* ECF No. 1 at 4, he also fails to state a plausible claim upon which § 1983 relief can be granted. *See Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (complaints must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (citation omitted)). "The First Amendment protects two distinct types of 'association': 'intimate association' and 'expressive association.'" *Villegas v. City of Gilroy*, 363 F. Supp. 2d 1207, 1218 (N.D. Cal. 2005), *aff'd*, 484 F.3d 1136 (9th Cir. 2007), *aff'd on reh'g sub nom. Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950 (9th Cir. 2008) (en banc). Nothing in the Complaint plausibly suggests Plaintiff was engaged in either. *See Boy Scouts of Am. v. Dale*, 530 U.S. 640, 648 (2000) ("[T]o come within [the First Amendment's] ambit, a group must engage in some form of expression, whether it be public or private.").

### 3. Witness Immunity

Third, Plaintiff's allegations that Defendants falsely testified during San Diego County Superior Court criminal proceedings that he was either armed with a knife or made threatening gestures with some other weapon when they attempted to apprehend him also require *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because witnesses

are absolutely immune from monetary damages based on their testimony. *Rehberg v. Paulk*, 566 U.S. 356, 363 (2012) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983)); 28 U.S.C. § 1915(e)(2)(B)(iii); *Chavez*, 817 F.3d at 1167–68; *Burns v. County of King*, 883 F.3d 819, 821–23 (9th Cir. 1989) ("[W]itnesses are absolutely immune from suits for damages under ... § 1983 for testimony given at trial.").

### 4. *Heck*'s Favorable Termination Requirement

Finally, to the extent Plaintiff claims Defendants' testimony caused his "false imprisonment" in violation of his Eighth Amendment right to be free from "cruel and unusual punishment," *see* ECF No. 1 at 3, 5, a suit for damages under § 1983 may not proceed.[5] *See Heck v. Humphrey*, 512 U.S. 477, 484–85 (1994).

In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486–87. Therefore, "where a prisoner file[s] a civil suit seeking purely money damages related to an allegedly unlawful conviction," *Heck* bars the suit if awarding those damages "would undermine the validity of the underlying conviction," and the entire action must be dismissed. *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016) (citing *Heck*, 512 U.S. at 486–87, 489). "Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a

---

[5] Moreover, "Eighth Amendment scrutiny is appropriate only *after* the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) (emphasis added) (citing *Ingraham v. Wright*, 430 U.S. 651, 671–72, n.40 (1977)). "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Id.* (citing *United States v. Lovett*, 328 U.S. 303, 317–18 (1946)).

§ 1983 action is a proper remedy for […] prisoner[s] who … mak[e] [] constitutional challenge[s] to the conditions of [] prison life, *but not to the fact or length of [their] custody.*'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973)).

*Heck* specifically bars damages claims like Plaintiff's, which are based on allegations of false arrest or imprisonment, unless his underlying conviction has already been invalidated. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) ("[U]nder *Heck*, [claims of] false arrest and imprisonment claims [a]re not cognizable and d[o] not accrue until [the] conviction [i]s invalidated."); *see also Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) ("There is no question that *Heck* bars [plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."); *Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (per curiam) (claims that police officers committed perjury and coerced witnesses to wrongfully identify plaintiff barred by *Heck*).

Plaintiff does not allege to have favorably terminated his conviction either by way of direct appeal, executive order, or through the issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 487. Therefore, his Complaint must be dismissed in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). *See Phillipi v. Does*, Civil Case No. 11cv2612 DMS RBB, 2011 WL 6400303, at *2 (S.D. Cal. Dec. 20, 2011) (*sua sponte* dismissing civil rights action pursuant to 28 U.S.C. § 1915(e)(2) because "habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a determination that ... the sentence currently being served is unconstitutionally long." (citing *Edwards v. Balisok*, 520 U.S. 641, 643–44 (1997)); *Heck*, 512 U.S. at 486–87; *Preiser*, 411 U.S. at 500).

### D. Leave to Amend

While the Court generally grants pro se litigants leave to amend, it concludes doing so in this case would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of

amendment" as a proper basis for dismissal without leave to amend); *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

Amendment is futile because even if Plaintiff could allege facts sufficient to plausibly show Defendants acted under color of state law to violate his First or Eighth Amendment rights, his claims for damages pursuant to § 1983 cannot proceed because the criminal conviction which forms the basis for his claims remains pending on appeal and has yet to be invalidated. *See People v. Carrillo,* San Diego Superior Court Case No. SCD 295366, Cal. Ct. App., Dist. 4, Div. 1, Case No. D082650, filed August 18, 2023.[6] *See* https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=41&doc_id=2717096&doc_no=D082650&request_token=NiIwLSEmLkg%2FW1BBSCI9XE9JUFQ6UkxbKyI%2BXz9TMCAgCg%3D%3D (last visited Oct. 23, 2023).

## III. CONCLUSION

Accordingly, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST INCLUDE THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff

---

[6] "Under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of the records of state courts." *Louis v. McCormick & Schmick Rest. Corp.*, 460 F. Supp. 2d 1153, 1156 (C.D. Cal. 2006); *see also McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1094 (9th Cir. 2004) (taking judicial notice of district court proceedings to determine whether prior alleged section 1983 claims were dismissed pursuant to *Heck*).

Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

    4)    **DISMISSES** this civil action for failing to state a claim upon which § 1983 relief can be granted and for seeking damages from defendants who are absolutely immune without prejudice, but without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).[7]

    5)    **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

    6)    **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: October 30, 2023

Hon. William Q. Hayes
United States District Court

---

[7] *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (court should dismiss claims barred by *Heck* without prejudice "so that [the plaintiff] may reassert his claims if he ever succeeds in invalidating his conviction."); *Briggs v. Enriquez*, No. CV 17-4615-FMO (E), 2017 WL 6210802, at *4 (C.D. Cal. Nov. 1, 2017), *report and recommendation adopted*, 2017 WL 6209818 (C.D. Cal. Dec. 7, 2017).